UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LANETTE STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:17CV800 JCH |
| | ) | |
| KAREN WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Karen Walker's Motion to Dismiss, filed March 6, 2017. (ECF No. 4). The motion is fully briefed and ready for disposition.

**BACKGROUND**

On or about December 28, 2016, Plaintiff Lanette Starks, a Food Service Worker for Defendant Aramark, filed a Complaint in the Circuit Court of St. Louis County, Missouri, against Aramark and her former manager, Defendant Karen Walker. (ECF No. 3). In her Complaint, Plaintiff alleges she was denied assignments and equal pay because of her association with her disabled son, and her past participation as a witness in Aramark's internal investigations of employee complaints of discrimination. (*Id.*). Plaintiff further asserts she was "harassed, paid less, denied time off, and assigned to less favorable shifts…in violation of Title VII of the Civil Rights Act of 1964." (*Id.*).

Ms. Walker removed Plaintiff's case to this Court on February 27, 2017, on the basis of federal question jurisdiction. (ECF No. 1).[1] As noted above, she filed the instant Motion to

---

[1] Specifically, Ms. Walker states as follows: "This action is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and this matter may be removed to this Court under the provisions

1

Dismiss on March 6, 2017, asserting Plaintiff's Complaint against her must be dismissed because (1) Title VII does not create a cause of action for discrimination, retaliation, and/or harassment based on a person's association with a disabled person, and (2) there can be no individual liability under Title VII or the Americans with Disabilities Act ("ADA")[2]. (ECF No. 4).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

---

of 28 U.S.C. 1441(a) because this is a civil action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq."* (ECF No. 1, § 4).
[2] Ms. Walker addresses the viability of an ADA claim against her, assuming Plaintiff intended to assert such a claim.

Ms. Walker asserts Plaintiff's claims against her under Title VII and the ADA must be dismissed because individual liability is precluded under those statutes. "[T]he Eighth Circuit squarely [holds] that supervisors may not be held individually liable under Title VII." *Watts v. U.S. Bank*, No. 4:16CV46, 2016 WL 6873450, at *2 (E.D. Mo. November 22, 2016) (internal quotations and citations omitted). *See also Favaloro v. BJC Healthcare*, No. 4:14CV284, 2015 WL 6531867, at *4 (E.D. Mo. Oct. 28, 2015) (same).

With respect to the ADA, "[a]lthough the Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA, this Court has stated its belief that the Eighth Circuit would determine that suits may not be brought against individual defendants under the ADA." *Favaloro*, 2015 WL 6531867, at *4 (citations omitted). *See also Breidenbach v. Shillington Box Co., LLC*, No. 4:11CV1555, 2012 WL 85276, at *3 (E.D. Mo. Jan. 11, 2012); *Ebersole v. Novo Nordisk, Inc.*, No. 1:11CV25, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); *McCann v. New World Pasta Co.*, No. 4:10CV1694, 2010 WL 4180717, at *2 (E.D. Mo. Oct. 20, 2010); *Donnelly v. St. John's Mercy Med. Ctr.*, No. 4:08CV347, 2008 WL 2699859, at *2 (E.D. Mo. June 30, 2008); *Stevenson v. Best Buy Corp.*, No. 4:03CV1188, 2005 WL 3434770, at * 3 (E.D. Mo. Dec.14, 2005).

> Those decisions have been based on the fact that the ADA's definition of "employer" is practically identical to the definition of "employer" in two other federal statutes that address discrimination: the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and Title VII, 42 U.S.C. § 2000e(b). It is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII of the Civil Rights Act of 1964, and longstanding precedent in this Court also holds that individuals are not liable under the ADEA.

*Ebersole*, 2011 WL 6115655 at *1 (citations omitted).

Pursuant to these authorities, Plaintiff's Title VII and ADA claims against Defendant Walker must be dismissed.[3]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Karen Walker's Motion to Dismiss (ECF No. 4) is **GRANTED,** and Ms. Walker is **DISMISSED** as a Defendant in this matter.

Dated this 19th Day of April, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] In light of the above ruling, the Court need not address Ms. Walker's alternative basis for dismissal.